FILED
APR 0 3 2007
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA SNYDER, Special Administrator of the Estate of Joseph J. J. Snyder, Jr., | ) ) ) ) | Civil No. 07-5029 |
| Plaintiff, | ) ) | COMPLAINT |
| vs. | ) ) ) | |
| GREEN TREE SERVICING LLC, | ) ) | |
| Defendant. | ) | |

COMES NOW, Rebecca Snyder, Plaintiff, by and through counsel, and for her Complaint against Defendant, states and alleges:

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of Rapid City, Pennington County, South Dakota and is the duly appointed special administrator of the estate of Joseph J. J. Snyder, Jr., her deceased husband (hereinafter referred to as Snyder), who died intestate on May 28, 2006.

2. Defendant Green Tree Servicing LLC, is a foreign corporation, doing business in Rapid City, Pennington County, South Dakota.

3. Defendant is an employer within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2611, et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

4. This court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2611 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. and has supplemental jurisdiction over Counts III, IV and V, pursuant to 28 U.S.C. §1367.

5. Venue is proper within this District and Division pursuant to 28 U.S.C. §1391(b) and (c).

6. Prior to filing the civil action, Plaintiff's decedent, Snyder, filed a charge of discrimination within 180 days of termination asserting disability discrimination with the South Dakota Division of Human Rights and the Equal Employment Opportunity Commission. Plaintiff has exhausted her administrative remedies, and a copy of Plaintiff's Notice of Right to Sue is attached hereto as Exhibit 1 and by this reference incorporated herein.

## GENERAL ALLEGATIONS

7. Snyder began working for Defendant in January of 2003. At the time of termination, Snyder was employed as a loan-servicing late-stage collections representative for Green Tree Servicing. His job duties included making telephone calls, speaking to debtors who were behind in payments and recording information in a computerized file.

8. In June of 2004 Snyder was diagnosed with brain cancer and had surgery for the same in July of 2004.

9. Snyder returned to work part-time in August of 2004 as a floater with a flexible schedule and full-time on September 1, 2004.

10. In October of 2004, Snyder's cancer recurred and he was required to undergo TOMO therapy, which caused vision problems, migraines, and extreme fatigue.

11. As a result of his cancer and cancer treatment, Snyder was substantially limited in one or more of his major life activities, including but not limited to seeing, thinking, driving, concentrating, caring for himself, sleeping, and working.

12. In August of 2005, Snyder's medical provider advised Defendant that Snyder would need intermittent time off and that would be re-evaluated every three months.

13. On October 18, 2005, Snyder's supervisors spoke to Snyder about his attendance and the need to show paperwork that his absences were illness-related.

14. On October 26 and 27, 2005 Snyder missed work because of migraines and vision problems. Snyder's doctor sent a note on October 28, 2005 advising of the medical reason for Snyder's absence and again advised he should work intermittently.

15. Snyder had previously advised another supervisor, Jean Percevich, that he would need significant dental work in February of 2006 because of the effects of the brain cancer radiation on his teeth.

16. On November 9, 2005, Snyder awoke unable to see well enough to leave the house. He advised his supervisor he would come in as soon as he was able. Snyder arrived at 3:00 p.m. and was immediately terminated.

## COUNT I

## DISABILITY DISCRIMINATION

Plaintiff realleges paragraphs 1 through 16 as if fully set forth herein.

17. Defendant employed more than fifteen employees in 20 calendar weeks and is required to comply with the Americans with Disabilities Act.

18. Snyder was qualified for his position and possessed the requisite skills for the job and could perform the essential functions with reasonable accommodation.

19. Defendant denied Snyder's request for accommodation for part-time employment or a flexible or modified schedule after his cancer returned.

20. Defendant failed to engage in good faith in the interactive process to determine whether Defendant could reasonably accommodate Snyder.

21. Defendant could have reasonably accommodated Snyder without undue hardship.

22. Defendant subjected Snyder to discriminatory and retaliatory treatment by reason of his disability and concomitant need for accommodation.

23. Defendant retaliated against Snyder after his supervisor learned he would have additional absences related to his disability because of the need for additional treatment.

24. Snyder suffered emotional distress from Defendant's discriminatory and retaliatory treatment.

25. Defendant's conduct was the proximate cause of Snyder's emotional distress.

26. Defendant willfully engaged in disability discrimination with malice and/or reckless indifference to Plaintiff's decedent's rights.

## COUNT II

### FAMILY MEDICAL LEAVE ACT

Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

27. Defendant has employed more than 50 employees for more than 20 weeks and is required to comply with the FMLA.

28. Snyder was an eligible employee under the FMLA.

29. When Snyder advised of the need for FMLA leave, submitted letters from his physician, and took FMLA leave, he was engaged in conduct protected by the Family Medical Leave Act.

30. Defendant was aware of Snyder's exercise of his protected rights..

31. Snyder's physician routinely advised that he would be evaluated every three months, yet Defendant sought certification on a more frequent basis without any reasonable basis for doing so.

4

32. Defendant insisted the certifications be received in a time less than the 15 days as set forth in statute.

33. Defendant's actions interfered with Snyder's exercise of his protected rights under the Family Medical Leave Act

34. Snyder suffered emotional distress from the retaliatory treatment by Defendant for Snyder's need for intermittent leave.

35. There was a casual connection between the protected activity and the adverse employment action.

36. Defendant discriminated and retaliated against Snyder for exercising his FMLA rights. Defendant's use of FMLA leave and attempt to exercise more leave was a negative factor in Defendant's employment action against Snyder.

37. Snyder's termination was unlawful pursuant to the Family and Medical Leave Act of 1993.

## COUNT III

## DISCRIMINATION UNDER STATE LAW

Plaintiff realleges paragraphs 1 through 26 as if fully set forth herein.

38. Defendant's actions are discriminatory and violate S.D.C.L. §20-13-10.

## COUNT IV

## WRONGFUL DISCHARGE – PUBLIC POLICY – FMLA

Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

39. Congress articulated a public policy to provide unpaid, job-protected leave and it is unfair for an employee to be terminated for seeking benefits under the act when he is struck with

a serious illness and is not capable of working the same schedule when healthy. The public policy of this nation is embodied in the Family Medical Leave Act.

40. Plaintiff alleges that the decision of the Defendant to terminate Snyder's position was unjustified, illegal and orchestrated in direct retaliation for Snyder's then current, and also future need for intermittent leave while he coped with the effects of his brain cancer and the treatment of it, and his expression of the need for additional treatment in the future.

41. Such actions undertaken on the part of the Defendant constitute a wrongful discharge which is in violation of public policy.

## COUNT V

### WRONGFUL DISCHARGE – PUBLIC POLICY - DISABILITY

Plaintiff realleges paragraphs 1 through 41 as if fully set forth herein.

42. Congress articulated a public policy to eliminate discrimination against individuals with disabilities when it enacted its comprehensive mandate as set forth in the Americans with Disabilities Act.

43. The public policy of the State of South Dakota is to eliminate discrimination against individuals with disabilities and that policy is found in S.D.C.L. §§ 20-13-1(4), 20-13-10 and -10.1

44. Defendant's termination of Snyder was unjustified, illegal and orchestrated in direct retaliation for Snyder's inability to work full time without reasonable accommodation as he coped with the effects of his brain cancer and the treatment of it.

45. Such actions undertaken on the part of the Defendant constitute a wrongful discharge which is in violation of public policy.

WHEREFORE, Plaintiff requests and prays for judgment against Defendant, as follows:

1. For compensatory damages, including but not limited to back pay, including benefits, compensatory damages and pre- and post-judgment interest;

2. For liquidated damages in an amount to be just and proper;

3. For punitive damages;

3. For Plaintiff's attorney fees, costs, disbursements and expenses incurred in the pursuit of this matter; and

4. For such other and further relief as the Court may deem just and appropriate.

Dated this __3__ day of April, 2007.

           LYNN, JACKSON, SHULTZ & LEBRUN, P.C.


By: _____
    Jane Wipf Pfeifle
    Attorneys for Plaintiff
    P.O. Box 8250
    Rapid City, SD  57709
    605-342-2592

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**